UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TROY MCRAE,

          Plaintiff,          Case # 15-CV-6009-FPG

v.

DR. LEE, et al.,

          Defendants.

---

TROY MCRAE,

          Plaintiff,          Case # 17-CV-6776-FPG

v.

C.O. T. FLEMING, et al.,

          Defendants.

---

TROY MCRAE,

          Plaintiff,          Case # 18-CV-6469-FPG

v.

P.O. PAGENELLO, et al.,

          Defendants.

---

TROY MCRAE,

          Plaintiff,          Case # 18-CV-6744-FPG

v.

DEP'T OF HOMELAND SECURITY, et al.,

          Defendants.

---

**DECISION AND ORDER**

In a letter dated May 1, 2019, *pro se* Plaintiff Troy McRae asks the Court to "reopen [his] cases that were administratively closed." *McRae v. Pagenello*, No. 18-CV-6469, ECF No. 8 at 1. Previously, on November 27, 2018, this Court dismissed and closed four of McRae's cases: (1) *McRae v. Pagenello*, No. 18-CV-6469; (2) *McRae v. Lee*, No. 15-CV-6009; (3) *McRae v. Fleming*,

No. 17-CV-6776; (4) *McRae v. Department of Homeland Security*, No. 18-CV-6744.[1] The Court took this action in response to McRae's prior letter, in which he requested that the Court "administratively close all [his] cases." *McRae v. Pagenello*, No. 18-CV-6469, ECF No. 4 at 1. Construing his letter request as a motion "seeking voluntary dismissal of his cases pursuant to Federal Rule of Civil Procedure 41," the Court dismissed the cases without prejudice and directed the Clerk of Court to close them. ECF No. 5 at 2. Judgment has since been entered in all four cases. Furthermore, McRae has been removed from the United States.

At this time, McRae is not entitled to relief. As a legal matter, because McRae's cases have been dismissed and judgment entered, he is not entitled to reinstate his cases as of right. "Although a voluntary dismissal without prejudice . . . does not have preclusive effect on later claims, such a dismissal is a final judgment in the sense that it ends the pending action." *Devino v. Duncan*, 215 F. Supp. 2d 414, 417 (S.D.N.Y. 2002). Therefore, to reinstate his cases, McRae must vacate the judgments under Federal Rule of Civil Procedure 60(b). *See id.* ("[A] Rule 60(b) motion may be used as a vehicle to reinstate a petition that was voluntarily dismissed."); *Walker v. Dep't of Veterans Affairs*, No. 94 Civ. 5591, 1995 WL 625689, at *1 (S.D.N.Y. Oct. 25, 1995). Rule 60(b) sets forth several reasons that may justify vacating a final judgment, including mistake or inadvertence, newly discovered evidence, fraud, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (2), (3), (6). Because McRae develops no argument as to why his cases should be reopened under Rule 60(b), however, the Court cannot assess his entitlement to relief.

On a more practical level, it is unclear how McRae can meaningfully prosecute these cases now that he has been removed from the United States. That is, McRae does not explain how he will be able to respond to discovery, present his claims and testify at trial, or otherwise participate

---

[1] In his May 1, 2019 letter, McRae also references a case by Docket Number 17-CV-1291, but that does not appear to be one of his cases.

2

in the actions. As McRae's recent letter shows, this is not a speculative concern: McRae waited over five months since his removal to seek this relief, and he states that his "only means of communication is through [his] sister," who appears to live in the United States.² ECF No. 8 at 1-2. Courts have dismissed actions in similar circumstances—namely, where a plaintiff is unable to prosecute his case from abroad. *See, e.g.*, *Kuar v. Mawn*, No. 08-CV-4401, 2012 WL 3808620, at *6 (E.D.N.Y. Sept. 4, 2012) (collecting cases).

While McRae is not precluded from making these showings, his present letter fails to do so, and he is not entitled to relief. Accordingly, McRae's letter request is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: May 10, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

---

² There is no indication that McRae's sister is an attorney who could represent him in his cases. *See Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) ("A person who has not been admitted to the practice of law may not represent anybody other than himself . . . This rule exists to serve not only the interests of the represented party but also the interests of the adversaries and the court, because the entire judicial system benefits from the professional knowledge of practicing attorneys.") (citations and internal quotation marks omitted).